# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**NELYALI GUILLERMINA BLANCO GODOY,**

**Petitioner,**

**v.** **Case No. 6:26-cv-2727-JA-LHP**

**FIELD OFFICE DIRECTOR, Miami Field Office, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; OFFICER IN CHARGE, ICE Enforcement and Removal Operations, Orlando, Florida; SECRETARY OF HOMELAND SECURITY; and ATTORNEY GENERAL OF THE UNITED STATES, each in their official capacity,**

**Respondents.**

---

## ORDER

On November 20, 2026, Petitioner Nelyali Guillermina Blanco Godoy filed a petition for writ of habeas corpus, (Doc. 1), and an emergency motion seeking to temporarily restrain Respondents from removing her from the Middle District of Florida, (Doc. 2). For the reasons explained, the emergency motion (Doc. 2) is granted.

## I. Background

Godoy has been present in the United States for at least two years. Godoy,

her husband, and their son presented themselves for inspection at the San Ysidro, California port of entry on November 4, 2024. (Doc. 1 at 8). She and her family were paroled into the United States, and she and her husband were each issued a Notice to Appear (Form I-862) ordering them to appear before an Immigration Judge at 55 E. Monroe Street, Suite 1500, Chicago Illinois, on January 6, 2028, at 9:00 a.m. (*Id.*). Godoy and her husband provided her uncle's Chicago, Illinois home address as their address. (*Id.*). Since entering the United States, Godoy has obtained a federal work authorization that is valid until 2030. (*Id.* at 16).

On November 13, 2026, an Immigration Judge in Chicago issued an *in absentia* removal order against Godoy. (*Id.* at 9). The hearing took place at a different address than listed in the Notice to Appear given to her on November 4, 2024. (*Id.*). Godoy was not present at the hearing. (*Id.*) She alleges that she did not know of the November 13, 2026, hearing because she did not receive any kind of notice of the hearing. (*Id.* at 10). She does not know to what address any notice was sent, if it was sent. (*Id.*).

On November 16, 2026—three days after the Immigration Judge's ruling—Godoy was arrested. (*Id.*). She is being held at the Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) Office in Orlando. (Doc. 2 at 2). However, her family cannot confirm her location

because she does not appear in the ICE Online Detainee Locater. (*Id.*). She was not arrested for any crime and has not been accused of any. (Doc. 1 at 11). On November 20, 2026, Godoy filed a motion to reopen and rescind the November 13, 2026 order for lack of notice under 8 U.S.C. § 1229a(b)(5)(C)(ii). (*Id.*). The motion, which included a request to consolidate her case with her husband's pending case, was filed via hand delivery to the Chicago Immigration Court. (*Id.*).

## II. Legal Standard

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

For the Court to issue a TRO, the movant must sufficiently establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403

F.3d 1223, 1225–26 (11th Cir. 2005).

The Court is authorized to issue a TRO without notice to the adverse party when: (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1).

## III. Analysis

As a threshold matter, Godoy satisfied the requirements of Rule 65(b)(1) by serving the petition, motion, and the proposed order on the United States Attorney's Office for the Middle District of Florida on the same date that she filed the motion with the Court. (Doc. 2 at 9). Additionally, because of the filing of a motion to reopen and rescind the November 13, 2026, order for lack of notice with the Chicago Immigration Court under 8 U.S.C. § 1229a(b)(5)(C)(ii), Godoy's removal from the United States is stayed pending the Immigration Judge's decision. *See* 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii).

### A. Godoy's habeas petition is most likely governed by 8 U.S.C. § 1226(a).

Federal immigration law "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. 281, 289 (2018). "Section 1226 applies before an alien

proceeds through the removal proceedings and obtains a decision; § 1231 applies after." *Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021). The mandatory detention of § 1231(a)(2) applies only during the removal period, which begins, at the earliest, on "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(l)(B)(i); *see Singh v. U.S. Attorney General*, 945 F.3d 1310, 1313 (11th Cir. 2019). Under 8 U.S.C. § 1101(a)(47)(B), an order of removal becomes administratively final upon the earlier of: (1) a decision of the Board of Immigration Appeals affirming the order of removal or (2) the expiration of the period in which the noncitizen may seek the Board's review. An *in absentia* order, like the one issued against Godoy, cannot be appealed directly to the Board. It may be challenged only by a motion to reopen filed with the Immigration Judge. 8 U.S.C. § 1229a(b)(5)(C). A motion to rescind for lack of notice may be filed "at any time." 8 U.S.C. § 1229a(b)(5)(C)(ii).

On the current record, there is no evidence that the Board of Immigration Appeals has affirmed the order of removal, nor evidence that the time for Godoy to seek review has expired. Because Godoy promptly—within one week—filed a motion to reopen with the Chicago Immigration Court for lack of notice, her removal proceedings are ongoing within the meaning of 8 U.S.C. § 1226(a). Thus, Godoy has shown that § 1226(a), not § 1231(a)(2), is the statute applicable to her petition.

**B. Godoy demonstrates a substantial likelihood of success on the merits of her petition.**

Under 8 U.S.C. § 1226(a), when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

By demonstrating that she likely qualifies as a noncitizen already in the country "pending the outcome of removal proceedings," *see* 8 U.S.C. § 1226(a), Godoy has shown that she will likely prevail on her claim that she is entitled to a bond hearing. *See Jennings*, 583 U.S. at 306. The requirement for a bond hearing is mandatory, not discretionary, rendering Godoy's habeas petition within the gambit of the Court's habeas jurisdiction. *See Zadvydas* at 687.

**C. There is a likelihood of irreparable injury in the absence of relief.**

There is a likelihood that Godoy will suffer immediate and irreparable damage before Respondents can be heard if the TRO is not granted. She has shown a likelihood that she is entitled to a bond hearing at the outset of her detention. If she is transferred from this district, the Court will no longer have jurisdiction over her petition. The resulting delays in adjudication would cause

further delays in her bond hearing, which she was likely entitled to at the outset of her detention. Worse, if Godoy is removed from the United States against the mandates of 8 U.S.C. § 1229a(b)(5)(C) and 8 C.F.R. § 1003.23(b)(4)(ii), the Court would be deprived of jurisdiction and there would be no meaningful remedy available. *See Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002).

### D. The Balance of Equities and Public Interest Favors Enjoining Respondents

When the government is the opposing party, the third and fourth factors—the balance of equities and public interest—merge together. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). Here, granting the TRO serves the public interest because it ensures that federal agencies must comply with their own regulations and prevents them from taking action that runs afoul of federal procedural protections.

Accordingly, it is **ORDERED:**

1. The emergency motion (Doc. 2) is **GRANTED**. Respondents, and any officers, agents, servants, employees, attorneys, and persons in active concert or participation with them who receive actual notice of this Order, are **ENJOINED** from removing Petitioner from the Middle District of Florida for fourteen days from the entry of this Order, unless this Order is extended or earlier dissolved by this Court. The security required by Federal Rule of Civil Procedure 65(c) is waived.

2. No later than November 23, 2026, at 10:00 a.m., Respondents shall file a notice stating the facility where Petitioner is held and a further notice within 24 hours after any change in her place of detention.

3. Respondents shall SHOW CAUSE no later than November 24, 2026, at 12:00 p.m. EST why the writ of habeas corpus should not be granted.

4. This matter is **SET** for an evidentiary hearing on **Wednesday, November 25, 2026, at 1:00 p.m.** in Courtroom 6B of the Orlando Federal Courthouse.

5. The Clerk of Court is **DIRECTED** to serve a copy of this Order, the petition (Doc. 1), and the TRO Motion (Doc. 2) on the United States Attorney General for the Middle District of Florida. The Attorney General shall provide the Order to the other Respondents.

**ORDERED** in Orlando, Florida, on November 21, 2026, at 4:28 p.m.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record